# EXHIBIT "A"



# SCHUSTER LAW

334 West Front Street
Media, Pennsylvania 19063

(P) 610-892-9200
(F) 610-565-5393
(E) ken@schusterlaw.com
www.schusterlaw.com

Kenneth R. Schuster
Christopher D. Gasda
Justin M. Bernstein*
Andrew V. Valentin

**DELAWARE OFFICE**
Joseph M. Jachetti* +
Christian G. Heesters+
David A. Denham+

OF COUNSEL
Anthony S. Pinnie*>
J. Ward Guilday
Karishma M. Patel
Tiffany Griffin
Thomas Martinicchio*

> Also Admitted To D.C. Bar
\* Also Admitted To NJ Bar
+ Also Admitted To DE Bar
^ Also Admitted To NY Bar

August 14, 2023

Crown Equipment Corporation
44 South Washington Street
New Bremen, OH   45869

Re:   Justin Sheffield V.  Crown Equipment Corporation
      C.C.P. No.   0870, August Term, 2023

Dear Sir/Madam:

Enclosed please find a true and correct, time-stamped Complaint which has been filed against you with respect to the above-referenced matter.

Kindly take action required.

Very truly yours,

JUSTIN M. BERNSTEIN

JMB/sjw
Enc.
Certified Ret. Rec. Req.
No.  7021 0350 0000 5950 7776

--- REPLY TO MEDIA OFFICE ---

**DELAWARE OFFICE**
3407 Lancaster Pike
Suite A
Wilmington, DE 19805
(302) 984-1000

**PHILADELPHIA OFFICE**
The Widener Building
One South Penn Square, 5th Floor
Philadelphia, PA 19107
(215)848-9200

**CHESTER OFFICE**
Chester City Hall
1 East 4th Street Chester,
PA 19013 (610)872-4930

**Court of Common Pleas of Philadelphia County**
**Trial Division**

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
**AUGUST 2023**
E-Filing Number: 2308019560
**00870**

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> JUSTIN SHEFFIELD | **DEFENDANT'S NAME** <br> CROWN EQUIPMENT CORPORATION |
| **PLAINTIFF'S ADDRESS** <br> 1804 TITAN STREET <br> PHILADELPHIA PA 19146 | **DEFENDANT'S ADDRESS** <br> 44 SOUTH WASHINGTON STREET <br> NEW BREMEN OH 45869 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal <br> [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration <br> [X] Jury <br> [ ] Non-Jury <br> [ ] Other: | [ ] Mass Tort <br> [ ] Savings Action <br> [ ] Petition | [ ] Commerce <br> [ ] Minor Court Appeal <br> [ ] Statutory Appeals | [ ] Settlement <br> [ ] Minors <br> [ ] W/D/Survival |

**CASE TYPE AND CODE**
2P - PRODUCT LIABILITY

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
AUG 09 2023
G. IMPERATO

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES   NO

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JUSTIN SHEFFIELD
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> JUSTIN M. BERNSTEIN | ADDRESS <br> SCHUSTER & ASSOC., P.C. <br> 334 WEST FRONT ST <br> MEDIA PA 19063 |
|---|---|
| PHONE NUMBER <br> (610)892-9200 | FAX NUMBER <br> none entered |
| SUPREME COURT IDENTIFICATION NO. <br> 314029 | E-MAIL ADDRESS <br> jbernstein@schusterlaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY <br> JUSTIN BERNSTEIN | DATE SUBMITTED <br> Wednesday, August 09, 2023, 12:05 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

KENNETH R. SCHUSTER & ASSOCIATES, P.C.
JUSTIN M. BERNSTEIN, ESQUIRE; I.D. NO. 314029
334 W. Front Street
Media, PA 19063
(610) 892-9200

MAJOR JURY CASE
Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
09 AUG 2023 12:05 pm
C. IMPERATO

JUSTIN SHEFFIELD
1804 Titan Street
Philadelphia, PA 19146
          Plaintiffs,

v.

CROWN EQUIPMENT CORPORATION
44 South Washington Street
New Bremen, OH 45869
          Defendant.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA
CIVIL ACTION

AUGUST TERM, 2023

NO.:

MAJOR JURY CASE
JURY TRIAL DEMANDED

# NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CAN NOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA COUNTY BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
110I Market Street, 11th Floor
Philadelphia, PA 19107
Telephone: 215-238-6300

Le ban demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demand a y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demnndns en contra de su persona. Sea avisado que si usted nose defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificaci6n. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENEABOGADO 0 SINO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA 0 LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE PHILADELPHIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Telefono: 215-238-6300

Case ID: 230800870

KENNETH R. SCHUSTER & ASSOCIATES, P.C.
JUSTIN M. BERNSTEIN, ESQUIRE; I.D. NO. 314029
334 W. Front Street
Media, PA 19063
(610) 892-9200

MAJOR JURY CASE
*Attorney for Plaintiff*

| | |
|---|---|
| JUSTIN SHEFFIELD<br>1804 Titan Street<br>Philadelphia, PA 19146<br>                Plaintiffs,<br>v.<br><br>CROWN EQUIPMENT CORPORATION<br>44 South Washington Street<br>New Bremen, OH 45869<br>                Defendant. | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY, PA**<br>**CIVIL ACTION**<br><br>AUGUST TERM, 2023<br><br>NO.:<br><br>MAJOR JURY CASE<br>JURY TRIAL DEMANDED |

## COMPLAINT

### PARTIES

1. Plaintiff, Justin Sheffield, ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 1804 Titan Street, Philadelphia, PA 19146.

2. Defendant, Crown Equipment Corporation, ("Defendant"), is a corporation with a registered office address located at 44 South Washington Street, New Bremen, OH 45869.

3. Defendant regularly conducts business in Philadelphia County by selling its material handling equipment including pallet trucks through various dealers located in Philadelphia.

4. Defendant maintains extensive, continuous, regular and systematic business contacts in Philadelphia County, and introduced its products and services into the stream of interstate commerce.

### OPERATIVE FACTS

5. At all times relevant hereto, Plaintiff was an employee of Sysco, and worked in its warehouse located at 600 Packer Avenue, Philadelphia, PA 19148.

6. Part of Plaintiff's duties required him to utilize a pallet truck manufactured and sold by Defendant, which machine bore serial number 6A292495, and model number PE4500-80, ("pallet truck").

Case ID: 230800870

7. The subject pallet truck and the component parts thereof were designed, tested, assembled, installed, inspected, distributed, manufactured, sold and/or maintained by Defendant.

8. The pallet truck and component parts thereof subject of this case were in the same condition just prior to Plaintiff's injury as it was when it was sold by the Defendant.

9. Plaintiff did not take part in purchasing, assembling, repairing or maintaining the subject pallet truck.

10. On December 23, 2021, Plaintiff was using the subject pallet truck and was required to stand on an operator platform while the pallet truck moved and was required to operate a control handle to move the pallet truck.

11. While Plaintiff was reversing the machine his right foot slipped off of the operator platform.

12. Plaintiff attempted to utilize the control handle to stop the pallet truck from moving, however the pallet truck continued to move and caused Plaintiff's foot and ankle to be crushed between the pallet truck and a nearby wall causing serious and permanent injury.

13. At all relevant times hereto, Plaintiff was acting reasonably, prudently, and safely, and pursuant to his training and product instructions and with due care for his own safety and was not contributorily or comparatively negligent.

14. Plaintiff's injury was the direct and proximate result of the defective, negligent and unsafe manner in which Defendant designed, manufactured, distributed, sold, installed, inspected, assembled, modified and/or maintained the subject pallet truck and its component parts, mechanisms and devices as more fully described hereinbelow.

15. All Defendant acted in its corporate capacity by and through employees, servants, workmen, agents and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for all Defendant and who were under the direct control of the Defendant, thereby rendering Defendant vicariously liable

for the actions of any or all of the Defendant's agents, servants, franchisees, workman and/or employees under the doctrine of *Respondeat Superior*.

16. At all times relevant hereto, Defendant, by and through agents, servants, workmen, employees and/or representatives, who were acting within the course and scope of their employment with Defendant, owned, operated, controlled, leased, designed, tested, assembled, installed, inspected, distributed, manufactured, sold and/or maintained the subject pallet truck and its component parts and mechanisms.

17. At all relevant times, and prior to the sale of the subject pallet truck it was the duty of the Defendant, by and through agents, servants, workmen, employees and/or other representatives, to manufacture, design, assemble, install, inspect, distribute, sell and/or maintain the subject pallet truck and its component parts in a reasonably safe condition when it was foreseeable and expected that sudden stopping and slowing would be required.

18. The pallet truck and its component parts were defective and unreasonably dangerous in that it was not adequately designed, tested, manufactured, packaged, labeled or marketed by Defendant to minimize the risk of injury or death or to provide a safe and effective method of operating the pallet truck while standing on the operator platform.

19. The pallet truck and its component parts and mechanisms were defective and unreasonably dangerous in ways which include but are not limited to:

    a. Defendant prioritized operator "comfort" and "reduced fatigue" in its design of the operator control mechanisms instead of operator safety;

    b. Defendant prioritized use in "tight spaces" in its design of the operator control mechanisms instead of operator safety;

    c. Defendant prioritized the elimination of brake maintenance over efficient and rapid braking and safety in confined areas by developing and implementing its "e-GEN" braking system;

    d. The pallet truck and its component parts and mechanisms utilized improper design and failed to prevent the subject pallet truck from stopping due to the orientation and functionality of the operator control handle, which prevented Plaintiff from stopping the pallet truck before it impacted the nearby wall and his foot and ankle;

   e. The design of the pallet truck and its component parts and mechanisms failed to incorporate a requisite margin of safety to allow for factors, tolerances, variances, environmental effects and foreseeable operating conditions including the requirement that the operators be able to stop the pallet truck by being able to adequately reach and manipulate all of the controls on the pallet truck and operator control handle.

20. Safer alternative designs existed at the time of the design and manufacture of the subject pallet truck and its component parts, at the time of its sale and at the time of the accident. These alternative designs were both economically and technologically feasible at all relevant times by the application of existing mechanical, scientific and occupational knowledge.

21. In addition to the defects outlined above, Defendant also failed to provide adequate warnings and information regarding the unreasonably dangerous design of the pallet truck and its component parts and mechanisms.

22. All of this information was actually known to Defendant prior to the time the pallet truck and its component parts and mechanisms were sold and distributed. Nevertheless, when Defendant sold the pallet truck and its parts and mechanisms, they failed to provide any of this information to the public or to the users and consumers of same, and it failed to warn the public and the users and consumers of the pallet truck and its component parts and mechanisms about the inherent dangers in using same such as those dangers which caused injury to Plaintiff.

23. Defendant' failures in this regard resulted in defects in the labeling, marketing, instructions, warnings and other informational materials of the subject pallet truck and its component parts and mechanisms including but not limited to the following:

   a. The subject pallet truck and its component parts and mechanisms failed to provide adequate warnings, instructions and information regarding the use of the pallet truck and its mechanisms and component parts, including the functionality of the braking system and requirements to physically reach and manipulate the functions of the operator control handle and braking functions;

   b. The advertising, marketing, sales, point of sale and other related and similar information for the pallet truck and its component parts and mechanisms failed to

provide adequate warnings, instructions and information regarding the use and dangers of the pallet truck while operating in confined spaces;

c. The warnings and instructions that were provided with the pallet truck and its component parts and mechanisms were incomplete, inaccurate, concealed the limitations of the pallet truck and its component parts and mechanisms, failed to provide appropriate and accurate information regarding the behavior and movements machine under braking and in confined spaces, including inability to stop the machine suddenly, and otherwise failed to convey information necessary to the safe use of the pallet truck, parts and mechanisms;

24. Prior to Plaintiff's injury Defendant had actual knowledge that their pallet trucks were failing in tests, that the failures would result in foreseeable injury caused by inability to safely stop the pallet truck in confined spaces, and that operators of the pallet truck would be at substantially increased risk of serious injury or death.

25. Prior to Plaintiff's injury Defendant concealed and otherwise failed to disclose to the public, including the Plaintiff that Defendant knew that testing had shown that unwanted and undesired movement of the pallet truck under braking conditions in confines spaces which was foreseeable to result in crush injuries and/or would increase the risk of same.

26. At all relevant times, the Plaintiff had no knowledge, actual or constructive, of any of the facts alleged above. At the same time, Defendant knew or had reason to know that operators lacked such knowledge and that they would not realize the dangerous propensities of the pallet truck and its component parts and mechanisms.

27. The unexpected and unwanted movement and braking failure of the pallet truck was caused by Defendant prioritizing use in "tight spaces" in its design of the operator control mechanisms and their braking functions instead of operator safety.

28. The subject pallet truck can move up to 3,600 lbs.

29. The pallet truck is marketed for use in "tight spaces" and Defendant knew there was a probability of contact between a moving pallet truck and an operator and/or other objects during use and an appropriately rapid braking system was needed to reduce the risk of injury to operators in close quarters environments.

Case ID: 230800870

30. The physical dimensions of the pallet truck are large, and it is capable of carrying extremely heavy payloads.

31. At all relevant times Defendant knew that contact pinning the operator between the pallet truck and a fixed object, such as the interior walls or shelves of a warehouse is likely to cause serious crushing injury.

32. However, Defendant failed to determine a safe operating zone around the pallet truck and failed to inform or warn operators of same.

33. Defendant also prioritized the elimination of brake maintenance over efficient and rapid braking and safety in confined areas by developing and implementing its "e-GEN" braking system.

34. The burden or cost of taking precautions to reduce the risk of crush injury by implementing an adequately rapid braking system, control system and platform, is far outweighed by the probability and seriousness of the harm.

## COUNT I
## STRICT LIABILITY

35. Plaintiff incorporates and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

36. At all relevant times, Defendant was engaged in the business of labeling, packaging, marketing, selling, advertising, warning and otherwise distributing and placing into the stream of commerce pallet trucks, including the subject pallet truck at issue in this matter.

37. In addition, Defendant was in the business of researching, developing, designing, testing, producing, assembling and manufacturing pallet trucks.

38. The subject pallet truck at issue herein reached the Plaintiff, the ultimate users and consumers of the product, without any substantial change in its condition from the time it was sold by Defendant.

39. The subject pallet truck, when it reached Sysco was in a condition that was unreasonably dangerous to the ultimate user or consumer, because the danger and risk of injury was unknowable and unacceptable to an average or ordinary consumer, including the Plaintiff, and because a reasonable person, in the position of the Plaintiff would conclude that the probability and seriousness of harm caused by the pallet truck outweigh the burden and/or costs of taking precautions

40. The subject pallet truck, when it reached the Plaintiff was in a condition that was unreasonably dangerous to the ultimate user or consumer, taking into consideration the proposed utility of the pallet truck and the risks involved in its use.

41. The subject pallet truck was defective and unsafe for its intended purposes at the time of its design, testing, manufacture, marketing and sale by Defendant.

42. The product was defectively designed, defectively tested, defectively manufactured, defectively labeled, defectively marketed, and unreasonably dangerous to Plaintiffs in that the design, testing, manufacture, labeling and marketing of the pallet truck made it unsafe and dangerous for the reasons set forth above.

43. At the time the subject pallet truck left the possession of Defendant, there were safer alternative designs than that used in the subject pallet truck, any one of which would have significantly improved the pallet truck's ability to be safely cleaned. These alternative designs were both economically and technologically feasible.

44. The burden or cost of taking precautions to reduce the risk of crush injury by implementing an adequately rapid braking system, control system and platform, is far outweighed by the probability and seriousness of the harm.

**WHEREFORE**, Plaintiff, Justin Sheffield, demands judgment in his favor against Defendant for compensatory damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the arbitration limits of this Court, together with punitive damages, interest, costs and compensation for delay.

Case ID: 230800870

## COUNT II
### NEGLIGENCE

45. Plaintiff incorporates and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

46. Defendant failed to exercise reasonable care in designing, testing, developing, manufacturing, labeling, packaging, supplying, marketing, selling, advertising, warning and otherwise distributing and placing into the stream of commerce the subject pallet truck at issue in this lawsuit as described above.

47. Defendant failed, once it learned of potential problems with the subject pallet truck, to perform an adequate inquiry and to ensure that other similar pallet trucks were not designed, tested, developed, manufactured, labeled, packaged, supplied, marketed, sold, advertised, contained warnings or otherwise distributed and placed in the stream of commerce in the same way and in the same defective and unreasonably dangerous condition.

48. Defendant failed once it learned of potential problems with the subject pallet truck, to adequately notify users and consumers of the hazards and risks associated with the subject pallet truck.

49. Defendant knew, or should have known, that the defects associated with the subject pallet truck created an unreasonable risk of bodily harm to anyone using the product.

50. Despite the fact that Defendant knew or should have known that the subject pallet truck could cause serious and life-threatening injuries to anyone who used it, Defendant took inadequate steps to notify consumers of this danger and to prevent the subject pallet truck from being used by operators, such as the Plaintiff.

51. Defendant knew, or should have known, that it was foreseeable that operators, such as the Plaintiff, would suffer injuries because of Defendant's failures to exercise ordinary care as set forth herein.

52. Defendant's acts and omissions as described above constitute negligence, which proximately caused injuries to the Plaintiff, as well as other injuries and damages set forth herein.

53. The conduct of Defendant as set forth herein was outrageous and constituted willful, wanton and reckless disregard for the safety of the Plaintiff requiring the imposition of punitive damages a claim for which is hereby made.

54. Defendant showed a reckless disregard for the public safety due to their acts and omissions as set forth in this Complaint. Defendant knew that there was a substantial, unnecessary and increased risk of injury to those who used their product and they failed to either determine the seriousness of the danger or reduce the risk to an acceptable minimal level.

**WHEREFORE**, Plaintiff, Justin Sheffield, demands judgment in his favor against Defendant for compensatory damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the arbitration limits of this Court, together with punitive damages, interest, costs and compensation for delay.

### COUNT III
### BREACH OF WARRANTIES

55. Plaintiff incorporates and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

56. For the reasons set forth in the preceding paragraphs and subparagraphs above, which are incorporated here in full, Defendant is legally responsible for Plaintiff's injuries and associated damages in designing, testing, developing, manufacturing, labeling, packaging, supplying, marketing, selling, advertising, warning and otherwise distributing and placing into the stream of commerce the subject pallet truck at issue in this lawsuit as described above, which was defective and unsafe for the intended use and was not of merchantable quality, and therefore, the pallet truck was sold in violation of express and/or implied warranties.

57. Defendant did breach express and/or implied warranties regarding the subject pallet truck.

58. These breaches of express and/or implied warranties by Defendant was the cause of Plaintiff's harm, injuries and damages as identified above and incorporated herein by reference.

59. By designing, testing, developing, manufacturing, labeling, packaging, supplying, marketing, selling, advertising, warning and otherwise distributing and placing into the stream of commerce the subject pallet truck at issue in this lawsuit, Defendant expressly and impliedly, warranted that the aforementioned pallet truck was merchantable, fit and safe for the ordinary and particular purposes for which it was sold, and that it was free from all defects.

60. Defendant is a "merchant" with respect to the subject pallet truck, as that term is defined by 13 Pa.C.S.A. §2314.

61. Defendant breached these express and implied warranties by designing, testing, developing, manufacturing, labeling, packaging, supplying, marketing, selling, advertising, warning and otherwise distributing and placing into the stream of commerce the subject pallet truck at issue in this lawsuit and/or its component parts in an unsafe and unfit condition as is above-referenced.

   **WHEREFORE**, Plaintiff, Justin Sheffield, demands judgment in his favor against Defendant for compensatory damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the arbitration limits of this Court, together with punitive damages, interest, costs and compensation for delay.

Respectfully submitted,

**SCHUSTER & ASSOCIATES, P.C.**

BY: /S/ Justin M. Bernstein
Justin M. Bernstein, Esquire
*Attorney for Plaintiff*

Date: August 9, 2023

## VERIFICATION

Justin Sheffield, hereby states that he/she is the Plaintiff in the foregoing action and that the averments in the foregoing Complaint are true and correct to the best of his/her knowledge, information and belief. The language of said averments is that of counsel and not of Plaintiff. Plaintiff has read the Complaint and to the extent that it is based upon information which he/she has given to counsel, it is true and correct to the best of her knowledge, information and belief. To the extent that the language of the Complaint is that of counsel, Plaintiff has relied upon counsel in making this verification. This statement is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

DATE: 8/9/2023

*Justin Sheffield* (DocuSigned)
Justin Sheffield

Case ID: 230800870



CERTIFIED MAIL

7021 0350 0000 5950 7776

Crown Equipment Corporation
44 South Washington Street
New Bremen, OH 45869

SchusterLaw
334 West Front Street
Media, PA 19063

AUG 2 1 2023